# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROFESSIONAL'S CHOICE SPORTS MEDICINE PRODUCTS, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>JENNIE HEGEMAN, et al.,<br><br>　　　　　　　Defendants. | Case No. 15-cv-02505-BAS(WVG)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>[ECF No. 6] |

　　Plaintiff Professional's Choice Sports Medicine Products, Inc. ("Professional's Choice") files this suit alleging violations of the Lanham Act for product disparagement, unfair competition under California state law, common law product disparagement/trade libel and defamation against Jennie Hegeman and Jen X Equine, Inc. (ECF No. 1.) Plaintiff claims Hegeman made false statements against it when she posted statements about products sold by Professional's Choice on her Facebook page. Defendants move to dismiss claiming the Court has no personal jurisdiction over them. In the alternative, Defendants request a change of

venue to Utah. The Court finds this motion suitable for determination on the papers submitted and without oral argument. See Civ. L.R. 7.1(d)(1). For the reasons below, the Court **GRANTS** Defendants' Motion to Dismiss. (ECF No. 6.)

I.    TIMELINESS OF MOTION

As a preliminary matter, Plaintiff correctly points out that Defendant Jen X Equine, Inc.'s Motion to Dismiss is untimely. Plaintiff served Jen X Equine, Inc. on November 5, 2015. (ECF No. 8-13.) Under Rule 12(a)(1)(A), a responsive pleading was due November 27, 2015. Fed. R. Civ. P. 12(a)(1)(A) (a defendant must serve an answer within 21 days after being served with the summons and complaint); *see also* Fed. R. Civ. P. 6(a)(1) (continuing period to respond until next day if the last day is a legal holiday). Plaintiff served Defendant Jennie Hegeman, the sole owner of Jen X Equine, Inc., on November 21, 2015. (ECF No. 8-13.) Her responsive pleading was due December 14, 2015. Fed. R. Civ. P. 12(a)(1)(A). On December 11, 2015, Defendants filed this Motion to Dismiss. (ECF No. 5.) Hence, it was timely filed for Hegeman but not for her company, Jen X Equine.

Under Rule 6(b)(1), when an act may or must be done within a specified time, the court may, for good cause, extend the time, if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Since Hegeman is acting pro per, the Court will liberally construe her Motion to Dismiss, filed timely on her own behalf, as a Motion to extend the time for her one-woman company to move to dismiss as well. The Court finds the failure to file a responsive pleading timely was because of excusable neglect. In her Motion, Hegeman indicates that she runs her company out of her basement and that she is the sole owner of the company. Furthermore, since she filed the Motion to Dismiss on her own behalf in a timely fashion, the Court finds no prejudice accrues to the Plaintiff if the Court extends the time for Jen X Equine to file.

//

## II. STATEMENT OF FACTS

Professional's Choice sells equine sports medicine products. (ECF No. 1 ¶9.) Hegeman operates a business making and selling horse saddle pads. (ECF No. 6 ¶3.) Hegeman has been operating the business, called Jen X Equine, out of her basement first in Oregon and now in Utah for about a year. (ECF No. 6 ¶2.) Although Hegeman lived briefly in California in 2008, she was not operating her business at that time. (ECF No. 6 ¶5.)

Hegeman has a web site for her business. (Declaration of Michele Scott, ECF No. 8-1 "Scott Dec," Exh. 1, ECF No. 8-3; ECF No. 1 ¶23.) People who want to purchase saddle pads from Jen X Equine contact her directly via telephone in Utah. (ECF No. 6 ¶4.) They can then pay for their orders via Paypal on the Internet through her web site. (ECF No. 6 ¶4; Scott Dec, Exh. 1.) Hegeman has occasionally shipped saddle bags ordered via telephone in Utah to California. (ECF No. 6 ¶4.) Hegeman claims she has "never reached out to contact directly anyone in the state of California to market, sell, design, develop or manufacture [her] products." (ECF No. 6 ¶4.)

The web site for Jen X Equine contains a link to Hegeman's Facebook page, "The Truth Tack Review." (Scott Dec., Exhs. 2 & 3, ECF Nos. 8-4 and 8-5.) On this page, Hegeman reviews competitor's products, including three products she purchased from Professional's Choice. (ECF No. 11 ¶5.) Hegeman says the three products she reviewed were all purchased in the state of Utah. (ECF No. 11 ¶5.) Professional's Choice claims the Facebook reviews contain false statements. (ECF No. 1 ¶23.)

Professional's Choice alleges this Court has personal jurisdiction over the Defendants because they directed their wrongful actions at a business in Southern California thereby causing foreseeable injury in this jurisdiction, (ECF No. 1 ¶¶4-5), and because they "manufacture, market, advertise, sell and ship competitive products to consumers and businesses in the Southern District of California," (ECF No. 1 ¶7).

## III. ANALYSIS

When the parties dispute whether personal jurisdiction over a foreign defendant is proper, "the plaintiff bears the burden of establishing that jurisdiction exists." *Rios Props. Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). In ruling on the motion, the "court may consider evidence presented in affidavits to assist in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). Where the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make "a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) (quoting *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1154 (9th Cir. 2006)). "In determining whether the plaintiff has met this burden, the Court must take the allegations in the plaintiff's complaint as true and resolve the disputed jurisdictional facts in the plaintiff's favor." *Nissan Motor Co., Ltd. v. Nissan Computer Corp.*, 89 F. Supp. 2d 1154, 1158 (C.D. Cal. 2000) (citing *Ziegler v. Indian River Cnty.*, 64 F.3d 470, 473 (9th Cir. 1995)). A prima facie showing means that "the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Unocal*, 248 F.3d at 922.

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d at 1154. Both the California and federal long-arm statutes require compliance with due-process requirements. *Daimler AG v. Bauman*, __U.S.__, 134 S. Ct. 746, 753 (2014); *see also* Fed. R. Civ. P. 4(k)(2); *Holland Am Line Inc. v. Wärtsilä N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007); *Pebble Beach*, 453 F.3d at 1155.

There are two types of personal jurisdiction: general and specific. *See Daimler AG*, 134 S. Ct. at 754-55. "Since *International Shoe,* 'specific jurisdiction 'has played' a reduced role.'" *Daimler AG*, 134 S. Ct. at 755 (quoting *Goodyear*

*Dunlop Tires Operations, S.A. v. Brown,* \_\_U.S.\_\_, 131 S. Ct. 2846, 2854 (2011)). General jurisdiction "enables a court to hear cases unrelated to the defendant's forum activities[.]" *Fields v. Sedgewick Assoc. Risks, Ltd.*, 796 F.2d 299, 310 (9th Cir. 1986). Specific jurisdiction allows the court to exercise jurisdiction over a defendant whose forum-related activities gave rise to the action before the court. *See Bancroft & Masters, Inc. v. August Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

### A. General Jurisdiction

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*, 131 S. Ct. at 2851 (citing *International Shoe Co. v. Washington,* 326 U.S. 310, 317 (1945)). "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m]…bases for general jurisdiction.'" *Daimler AG,* 134 S. Ct. at 760 (quoting *Goodyear*, 131 S. Ct. at 2853-54). "These bases afford plaintiff recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims." *Id.*

In assessing the substantiality of a defendant's contacts with a state, courts examine the "[l]ongevity, continuity, volume, [and] economic impact" of those contacts, as well as the defendant's "physical presence…and integration into the state's regulatory and economic markets." *Mavrix Photo, Inc. v. Brand Techs., Inc.,* 647 F.3d 1218, 1224 (9th Cir. 2011). A corporation's "continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." *International Shoe*, 326 U.S. at 318. "Although the placement of a product into the stream of commerce 'may bolster an affiliation germane to *specific* jurisdiction,' [the Supreme Court] has explained, such contacts 'do not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant.'" *Daimler AG*, 134 S. Ct. at 757 (citing

*Goodyear*, 131 S. Ct. at 2857). Although Plaintiff does not make an argument that general jurisdiction exists over the Defendants, it does make a request for discovery, since "Defendants have not divulged the percentage of profits derived from California." (ECF No. 8, pg. 12-13.) Plaintiff seeks discovery "to establish proper general jurisdiction based on business ties if the Court is not convinced by the submitted evidence." (*Id.*)

A district court may grant discovery in the context of personal jurisdiction "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing,* 539 F.3d 1011, 1020 (9th Cir. 2008). The court is under no obligation to order discovery when the request is based on "little more than a hunch that it might lead to jurisdictionally relevant facts." *Id.* (citing *Butcher Union Local No. 498 v. SDC Inv. Inc.,* 788 F.2d 535, 540 (9th Cir. 1986) (holding that district court did not abuse its discretion by refusing jurisdictional discovery where the plaintiffs state only that they 'believe' discovery will enable them to demonstrate sufficient California business contacts to establish the court's personal jurisdiction)).

In this case, Plaintiff does not allege that Jen X Equine Inc. is either incorporated in or has its principal place of business in California. (Complaint ECF No. 1 ¶15.) Plaintiff also does not allege that Hegeman resides in, or at any time mentioned in the Complaint resided in, California. (Complaint ¶14.) Plaintiff does not suggest that Defendants pay taxes in California or have an agent for service of process in California. In fact, Plaintiff does not contest Hegeman's claim that she is basically a one-woman operation who sells saddle pads out of the basement of her house in Utah. There is nothing that would support any realistic belief that the Court has general jurisdiction over this company, and any request for discovery is based on nothing more than a hunch that it might lead to jurisdictionally relevant facts. The request for discovery is denied.

### B. Specific Jurisdiction

The Ninth Circuit employs a three-part test to determine whether the defendant's contacts with the forum state are sufficient to subject it to specific jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). Under the three-part inquiry, specific jurisdiction exists only if: (1) the out-of-state defendant purposefully availed itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws; (2) the cause of action arose out of the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Myers v. Bennett Law Offices,* 238 F.3d 1068, 1072 (9th Cir. 2001).

The plaintiff bears the burden of satisfying the first two prongs of this specific jurisdiction test. *Schwarzenegger v. Fred Martin Motor Co,* 374 F.3d 797, 802 (9th Cir. 2004). "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.*; *see also Ziegler*, 64 F.3d at 476 ("Once purposeful availment has been established, the forum's exercise of jurisdiction is *presumptively reasonable*. To rebut that presumption, a defendant must present a *compelling* case that the exercise of jurisdiction would, in fact, be unreasonable.") (quotations omitted) (emphasis original). "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Pebble Beach,* 453 F.3d at 1155.

#### 1. Purposeful Availment

"In the defamation context, the United States Supreme Court has described an 'effects test' for determining purposeful availment." *Pavlovich v. Superior Court,* 29 Cal. 4th 262, 269 (2002) (citing *Calder v. Jones,* 465 U.S. 783 (1984)). *Calder* involved a libel action in California state court filed by well-known Hollywood actress Shirley Jones against a reporter and editor of the "National Enquirer,"

headquartered in Florida. The article was written and edited by the defendants in Florida for publication in this national weekly newspaper with a circulation in California of roughly 600,000. 465 U.S. 783. The defendants made telephone calls to their sources in California in order to write about Jones' activities in California. The injuries to Jones were largely caused in California when the newspaper was widely circulated in that state. The Court found the defendants had purposely availed themselves of the privilege of conducting activities in the forum state and thus personal jurisdiction was appropriate. *Id.*

However, the U.S. Supreme Court in *Walden v. Fiore,* __U.S.__, 134 S. Ct. 1115 (2014) clarified the holding in *Calder* pointing out that the analysis looks at the defendant's contacts with the State itself not the defendant's contacts with the persons who reside there. *Id.* at 1122. Thus, the Court in *Walden* reversed the appellate court which had looked at the defendant's knowledge of the plaintiff's "strong forum connections" rather than assessing the defendant's contacts with the forum state. *Id.* at 1124. "[Defendant's] actions in [his home state] did not create sufficient contacts with [the forum state] simply because he allegedly directed his conduct at Plaintiffs whom he knew had [forum state] connections." *Id.* at 1125; *see also Pavlovich v. Superior Court,* 29 Cal. 4th 262, 270-71 (2002) ("[M]ost courts agree that merely asserting that defendant knew or should have known that his intentional acts would cause harm in the forum state is not enough to establish jurisdiction under the 'effects test.'") Instead, a plaintiff must point to contacts which demonstrate that the defendant "*expressly aimed* its tortious conduct at the forum." *Id.* (quotations omitted) (emphasis original). The plaintiff must establish more than the defendant's knowledge that his tortious conduct may harm certain industries centered in the forum state. *Pavlovich*, 29 Cal. 4th at 274.

In the internet context, "'the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet.'" *Cybersell, Inc. v.*

*Cybersell, Inc.,* 130 F.3d 414, 419 (9th Cir. 1997) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)). "A passive web site that does little more than make information available to those who are interested is not grounds for the exercise of personal jurisdiction." *Pavlovich*, 29 Cal. 4th at 272.

Plaintiff makes six arguments claiming Defendants have "purposefully availed" themselves of the forum in Southern California: (1) Hegeman made false statements targeting a company that was based out of California; (2) Defendants market and sell their products through an interactive web site allowing customers to purchase the product using Paypal, which is based out of California; (3) Defendants' web site is "directly used for financial gain in California;" (4) "Defendants were likely fully aware that Professional's Choice would be harmed in California" because Hegeman professes to know about the big companies who create and design equestrian products; (5) Plaintiff sent a cease and desist letter from California, therefore, Defendants knew at that point they were dealing with a California company; and (6) "San Diego County is home to the second largest horse-racing venue in the western United States, the Del Mar racetrack and this region is a vital part of the equestrian community. Defendants, as former San Diego residents, were likely aware that their disparaging comments would affect Professional's Choice's business in San Diego." (ECF No. 8.)

To the extent Plaintiff argues that Defendants directed their conduct at Professional's Choice, which had strong ties to California, and that Defendants "were likely fully aware" this would lead to harm of Professional's Choice in California, this is insufficient. *See Walden,* 134 S. Ct. at 1125 (concluding simply directing conduct at a plaintiff who defendant knew had forum state connections is insufficient); *Pavlovich*, 29 Cal. 4th at 270. Even the allegation that Defendants knew Professional's Choice sent a cease and desist letter which put Defendants on notice that they had an office in San Diego is insufficient. *Id.* Plaintiff is focusing on its actions and its contacts, not Defendants' contacts with the forum state.

With respect to the allegations that Defendants ran an interactive web site that sold goods which could be bought by individuals in California, first the offending conduct did not occur on the interactive web site, it occurred on a separate Facebook page. The fact that the web site referenced this Facebook page does not change the fact that the Facebook page was, in essence, a passive posting of information available for all to see. Furthermore, even the interactive web site required an individual to place an order via telephone with Defendants' Utah-based company. Plaintiff fails to provide any support for its claim that Defendants targeted, marketed, or directed its web site activities in any way at California. Nor does the fact that Defendants used Paypal, a California based company, to allow customers to pay via credit card, convey jurisdiction on this court. Allowing California to have jurisdiction over every internet business that uses Paypal would be a clear violation of due process. *IO Group, Inc. v. Piviotal, Inc.,* no. C03-5286 MHP, 2004 WL 838164 (N.D. Cal. April 19, 2004), cited by Plaintiff to the contrary, merely holds that the use of Paypal demonstrates a high level of interactivity for the web site, not that the use of a California-based third party payor conveys jurisdiction on California.

Finally, the fact that there is a racetrack in Southern California and many avid equestrians does not mean that every statement about horse products lends jurisdiction to the Southern District of California. Plaintiff must show Defendants expressly aimed their activities at California. This they have not done.

### 2. Arising out of Forum-Related Activities

"Specific personal jurisdiction requires a showing of forum-related activities of the defendant that are related to the claim asserted." *Carpenter v. Sikorsky Aircraft Corp.*, 101 F. Supp. 3d 911, 921 (C.D. Cal. 2015) (citing *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993)). It is "confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction."

*Goodyear*, 131 S. Ct. at 2851 (internal quotation marks omitted).

In this case, Plaintiff has alleged Defendants made false statements on a Facebook page in Utah. The statements were about products Hegeman says she purchased in Utah. Plaintiff fails to show how these activities are forum-related activities. The fact that the damages may have been incurred in California is insufficient. *See Walden*, 134 S Ct. at 1125 ("The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.").

### 3. Reasonableness of Exercising Jurisdiction

Although the Court finds that Plaintiff has failed to establish purposeful availment or forum-related activities, the Court nonetheless proceeds to the third prong and finds that Defendants have established that exercising jurisdiction over them would not be reasonable. To determine reasonableness of the forum, the Court must balance seven factors including: (1) the extent Defendants have purposefully injected themselves into the forum state; (2) the burden on Defendants of litigating in the forum state in light of the corresponding burden on the Plaintiff; (3) conflict with sovereignty of Defendants' state; (4) forum state's interest in adjudicating the suit; (5) most efficient judicial resolution; (6) convenience and effectiveness of relief for Plaintiff; and (7) existence of an alternative forum. *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1198-99 (9th Cir. 1988).

The first prong has been discussed above. Defendants have not purposefully injected themselves into the forum state. Second, Defendants, as a pro per, one woman operation, would be greatly burdened if forced to litigate in California. To the contrary, Hegeman alleges, and Plaintiff does not dispute, that Professional's Choice has sales outlets for their products throughout Utah, and that the three products she reviewed on Facebook were, in fact, purchased at one of these outlets in Utah. (ECF Nos. 11 ¶4; 6 ¶5.) The fact that Hegeman once lived in California

and may have a friend or distant relative with whom she could stay while litigating the case is insufficient.

The Court recognizes that California has a strong interest in protecting the rights of corporations incorporated and doing business in California.  However, Utah does provide an alternative forum, where Plaintiff can bring its Lanham Act claims and defamation claims, requesting damages and other effective relief.  The fact that the remedies may be different or the penalties slightly less is not sufficient to tip the balance in favor of exercising personal jurisdiction in this district.

Finally, the Court finds there are witnesses in both locations.  Plaintiff alleges Defendants made false statements about its products.  Hegeman alleges she tested the products (in Utah) and her testing supports her statements about the products.  Witnesses may include those who have manufactured the Professional Choice's products (presumably in California), Hegeman who bought the products in Utah, anyone who helped her test the products (also presumably in Utah) and any expert witnesses who could be from anywhere.  Thus, this Court finds this factor is neutral.

Ultimately, the first factor is the most significant.  The fact that Hegeman did not purposefully inject herself into California and is simply alleged to have posted false information on a passive Facebook page in Utah renders jurisdiction over Defendants in California unreasonable.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss for lack of personal jurisdiction (ECF No. 6) is **GRANTED.**

**IT IS SO ORDERED.**

DATED: April 12, 2016

Hon. Cynthia Bashant
United States District Judge